■ MARGARITA CORDOVA, Appellant, v UNION TURNPIKE DEVELOPMENT CORP. et al., Respondents, et al., Defendants. [904 NYS2d 908]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated May 8, 2009, which granted the motion of the defendants Union Turnpike Development Corp., Junction Blvd. Towers, Inc., and Boston Construction Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Union Turnpike Development Corp., Junction Blvd. Towers, Inc., and Boston Construction Corp. for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff allegedly sustained personal injuries when she tripped and fell due to a hole in a sidewalk. At the time of the accident, construction work was taking place near the subject

sidewalk. The plaintiff alleged that heavy machines and trucks traversed the subject sidewalk to gain access to the construction site. The respondents moved for summary judgment, contending only that they did not create or have actual or constructive notice of the alleged defect. The Supreme Court granted the motion. We reverse.

The respondents failed to meet their initial burden of demonstrating the absence of any triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the respondents' contention, triable issues of fact exist as to whether the respondents created or had actual or constructive notice of the defective sidewalk. In light of this determination, we need not examine the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court should have denied the respondents' motion for summary judgment. Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.